## TAYLOR and others *vs.* HUTTON and others.

Where the articles of association of a National Bank, signed by all the original stockholders, and giving express authority to the directors to remove the president, have been transmitted to the comptroller of the currency, who has, on receiving the same, issued circulating notes to the bank, he will be deemed to have approved of the articles, and the directors will have the power to remove the president, even though the bank has never legally adopted any by-laws.

It is not necessary that any by-laws should be adopted before a president may be chosen or removed, and another appointed in his place.

Section 11 of the act of congress, relative to national banks, authorizes the directors to remove the president of a banking association.

APPLICATION for the continuance of a preliminary injunction. The action was brought by two of the directors and two of the stockholders of the Fourth National Bank, in the city of New York, against the remaining directors, to restrain them from removing the president, Mr George Opdyke, from his office.

*D. D. Field*, for the plaintiffs.

*L. B. Woodruff* and *Jos. H. Choate*, for the defendants.

PECKHAM, J. This is substantially an application for the continuance of an injunction to prevent the alleged illegal removal of the president of the fourth national bank, threatened by two thirds of the directors—defendants herein. It is charged in the complaint that the defendants entered into a combination shortly after the election of the president to "drive him from his office with the view of putting a more pliable person in his place, and using the funds of the bank to aid in stock operations, instead of employing them in legitimate commercial and banking operations." The suit is commenced by two of the directors and two stockholders of the bank, the president not being a party. The purpose of the removal is very fully and specifically denied, though the

intent to remove is admitted, and, as the defendants insist, for the true interests of the bank.

It appears from the papers on this motion that from soon after the election of the president on the 19th of January last, until the commencement of this suit, unpleasant difficulties and differences have existed between the president and a majority of the directors, as to the proper officers of the bank, and as to some other matters not material to specify. The directors finally determined to remove him, and it is now insisted that they have no such power. No allusion was made in the complaint, on which the temporary injunction was obtained, to the articles of association of this bank, signed by the stockholders.

The chief ground urged against the authority of the board to remove the president is, that the bank has never legally adopted any by-laws, and that there are none now existing; that they should be adopted by the stockholders and not by the directors, and that they should also be approved by the comptroller of the currency. They have been adopted by the directors only. It is conceded that they have never been adopted by the stockholders, nor in form by the comptroller of the currency. But suppose there are no by-laws yet adopted, I do not think it follows that the directors may not remove the president. The articles of association, signed by all the original stockholders, (in some degree in the nature of a charter,) give express authority to remove. Its sixth article provides that "the board of directors [a majority of whom shall be a quorum to do business] shall elect one of their number to be president, who shall hold his office [unless he should become disqualified or sooner removed by a two thirds vote of all the members of the board] for the term for which he was elected a director." These articles of association, so adopted and signed, are to be, and in this case, from the facts presented, have been transmitted to the comptroller of the currency, who is by law required "to record and carefully preserve the same in his office." (Section 6 of

Taylor *v.* Hutton.

the act.)   He must then, in substance, have approved of them, or he would not have issued the circulating notes to this bank, which he in fact issued under the 16th section of the act.

The act of congress also, in my judgment, authorizes this removal.   In speaking of the powers of the directors, as I interpret the act, it says " they shall have power to carry on the business of banking by obtaining and issuing circulating notes in accordance with the provisions of this act, by discounting bills, notes and other evidences of debt, &c. &c. ; to choose one of their number as president of such association, and to appoint a cashier and such other officers and agents as their business may require, and to remove such president, cashier, officers and agents at pleasure, and appoint others in their places."   (Section 11 of the act.)   I think this construction of the act, as having reference to the *directors* to do these things, and not to the *stockholders*, is quite plain.

It does not seem to be at all necessary that any by-laws should be adopted before a president may be chosen or removed, and another appointed in his place.   This power is expressly given to the board, irrespective of any by-laws, both by the articles of association and by the act of congress. Besides, it is a power that might be required to be exercised, or that it might be expedient to exercise, prior to the adoption of any by-laws.

It is also insisted that one of the defendants (Mr. Whitewright) is not legally a director, and has no right to unite in the removal.   It appears that one of the original directors resigned, and that Mr. Whitewright was appointed to fill the vacancy, by the other members of the board, without any nomination at a prior meeting of the board as required by the by-laws, which, as the plaintiffs allege, were adopted by the board. Here the plaintiffs must invoke the aid of by-laws.   The act of congress prescribes that the vacancy in the board shall be filled by appointment by the remaining directors. (Section 43.)

Assuming the plaintiffs to be correct in their position, that

there are no by-laws, there is certainly no objection to the appointment under the statute. Besides, I may add, that the statute seems to require the aid of no by-laws, and that none could be made to annul it.

If the by-laws exist and are valid, I do not think they apply to the appointment of a *director*, though it might have been a sound provision, had it been made. Irrespective of the by-laws and of the articles of association, the board have power, under the act, to remove the president by a mere majority vote; assuming that they modify and qualify the act, a two thirds vote is required.

It is argued that the court should stay the action of the board until the 14th instant, when a meeting of the stockholders will be held and the whole difficulty settled. On mere questions of expediency, of this character, courts have no power to interfere with the action of a bank or its officers.

The preliminary injunction is therefore dissolved, and the motion for its continuance is denied, with costs.

[AT CHAMBERS, New York, April 12, 1864, before *Peckham*, Justice.]